Dear Mr. Smith:
The Louisiana Film and Video Commission is a public commission within the Louisiana Department of Economic Development (DED). One of the functions of DED is to provide for the attraction, retention and expansion of industrial and business investments in Louisiana. More specifically, DED provides for the development of the film and video industry in Louisiana[1]. As such, DED enters into multi-party contracts for the production of films in Louisiana. In conjunction with this function, Louisiana has a motion picture investor tax credit that is available to entities that are engaged in state certified productions.[2]
A production is state certified through rules promulgated by the lieutenant governor and DED. Thus, the various entities that contract with DED rely on it for certification and ultimately entitlement to the tax credit.
These contracts generally provide for the rights and responsibilities of each of the parties and often contain provisions that address party responsibility in the case of fraud or material misstatement. DED questions if it may agree that in cases of fraud or material misstatement it will take action directly against the party who committed the fraud or misstatement rather than recapture the tax credit from those parties who were not involved in the fraud or misstatement. DED also questions if it may require that the parties submit any and all contract disputes to arbitration.
In short, our response is yes. We believe that DED may contract for both of these issues. Article 7, Section 14 of the Louisiana Constitution prohibits DED from using public funds to pay a debt for which it is not obligated, however, the fraud provision contemplated by DED does not provide for such. It simply provides that DED will go after the party who actually committed the fraud rather than all of the parties to the contract.
We are unaware of any law that would prohibit DED from requiring that the parties submit all contract disputes to arbitration. We do note that La.R.S. 9:2778 prohibits the requirement of arbitration in a forum outside of Louisiana in public contracts. We do not believe this statute is applicable because it is our understanding that there will be no such requirement.
We trust that this adequately responds to your request. If you have any questions or comments, please contact our office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ____________________ TINA VICARI GRANT Assistant Attorney General
RPI/TVG/dam
DATE RECEIVED: January 30, 2003
[1] La.R.S. 36:101, et seq.
[2] La.R.S. 47:6007